FILED IN COURT OF APPEALS
12th Court of Appeals District

OCT 8 2015
elkm

TYLER TEXAS
PAM ESTES, CLERK

12-15-0002-CR

In The Twelfth Court of Appeals
Tyler, Tx.

REC'D IN COURT OF APPEALS
12th Court of Appeals District

OCT 0 8 2015

TYLER TEXAS
PAM ESTES, CLERK

Q'Andrew Shelton
Appellant, pro se

v.

The State of Texas
Appellee

On Appeal from the 114th District Court of Smith County, Texas
Trial Cause No. 114-0724-14

Oral Argument Not Requested

12-15-00002-CR

In The Twelfth Court of Appeals
Tyler, Tx.

O'Andrew Shelton
Appellant, Pro se

v.

The State of Texas
Appellee

On Appeal from the 114th District Court of
Smith County, Texas

Appellant's Response To Ander's Brief

To The Honorable Justices Of The Court:

Comes now, O'Andrew Shelton, Appellant, pro se, And files this, his response to The Ander's Brief, filed by his Appellate Attorney, Austin Reeve Jackson.

Identity of Parties and Counsel

Attorney for Appellant

Appellant Counsel:
Austin Reeve Jackson
112 E. Line, Suite 310
Tyler, Tx.    75702


Trial Counsel:
Brent Ratekin
422 S. Spring Ave.
Tyler, Tx.   75702


Attorney for State on Appeal

Michael J. West
Assistant District Attorney, Smith County
4th Floor Courthouse
100 N. Broadway
Tyler, Tx.    75702

## Statement of The Case

Q'Andrew Shelton seeks to appeal his conviction and sentence for the offense of Possession of a Controlled Substance in a Drug Free Zone rendered against him in December of last year. (I CR 158). Mr. Shelton was indicted for this offense in June of 2014 in the 114th District Court of Smith County, Texas. (I CR 1) To this charge he entered a plea of not guilty and proceeded to trial by jury. (I CR 158). Ultimately, the jury found him to be guilty. The trial court then imposed punishment at a term of fifty years confinement. Sentencing was pronounced on 11 December 2014 and notice of appeal then timely filed. (I CR. 158, 168).

In Above Cause counsel provided that he has reviewed the Appellate Record in this cause and reluctantly concludes that as a matter of professional judgement the record contains no reversible error and no jurisdictional defects are present.

In response to appelant counsel's decision, Mr. Shelton would like to submit the following points as error:

I. Illegal Search + Seizure

Consent to search of the residense in this matter was obtained illegally through trickery and deceptive means. (13 RR 105)

Under the Fourth Amendment of The United States Constitution, "A consent search granted when consent was induced by deciept, trickery, or misrepresentain is unreasonable. Therefore any evidence seired, as a result of the unreasonable search, is inadmissible as evidence in a trial of the accused. Pursuant to Tx. Crim. Proc. Article 38.23(A) which states, " no evidence obtained by an officer or other person in violation of any provisions of the constitution, or laws of the state of Texas or of the constitution or laws of The United States of America, shall be admitted into evidence against the accused in the trial of any criminal case."

With that being said, the evidence siezed in Mr. Shelton's case, the marijuana, glass vials with liquid in them, shotgun (13 RR 145), the scale (13 RR 148), marijuana (13 RR 150), shotgun shells (13 RR 151), and shotgun (13 RR 153, 154) should have been suppress and not used as evidence in Mr. Shelton's trial.

The state has the burden of proof and must prove voluntariness of consent to search by clear and convincing evidence rather than mere preponderance of evidence. See State v. Ibarra, 953 s.w. 2d 242, 243 (Tx. Crim. App. (1997); Schneckloth v. Bustamonte 412, US 218, 219, 93 S.Ct. 2041, 2043-44, 36 L.Ed. 2d 854 (1973). Consent must be shown to be positive and unequivocal and there must not be any

duress or coercion. Alldridge v. St. 850 S.W. 2d 471, 493 (Tx. Crim. App. 1991)

Trial court erred when the prosecution failed to comply with court's motion in limine resulting in the introduction of inadmissible, prejudicial, and harmful evidence. See Ramirez v. St. (App. 3 Dist. 2002) 96 S.W. 3d 386.

Ineffective Assistance of Counsel for failing to file Motion to Suppress

Mr. Shelton's trial attorney failed to file motion to suppress the evidence illegally seized from inside the residence; marijuana, glass vials with liquid in them (13 RR 145), scale (13 RR 148), shotgun shells (13 RR 151), and the shotguns (13 RR 153, 154). Nor was there a motion to suppress the box (cigarette) in which Ms. Shackelford testified she had in her possession (14 RR 15, 16); the same cigarette box the State's primary witness testified that he, Officer Hobson, "... found in her possession." (13 RR 93). Counsel was ineffective for failure to file a timely suppression motion because he had conducted no discovery, laboring under the mistaken notion that the state was required to turn over all inculpatory evidence to the Defense. The Sixth Amendment guarantees the right to effective assistance of counsel. The Supreme Court in the benchmark case Strickland v. Washington, 104 S. Ct. 2052 (1984), set forth the standard to determine effective assistance of counsel, with a 2 prong test. The first prong, the Applicant must show that counsel's representation fell below an objective standard of reasonableness, by showing errors or omissions of counsel's deficient performance. See Strickland, supra.

In this ground the error or omission was counsel's failure to file a motion to suppress evidence found during the illegal search of the residence; and to challenge said illegal search. Revisiting Mr. Ratekin's decision not to file a motion to suppress on Mr. Shelton's behalf is critical because evidence obtained by the police in violation of

a defendant's Fourth Amendment may not be used to prove the defendant's guilt at trial. See U.S. v. Thomas, 12 F.3d 1350, 1366 (5th Cir. 1994)

In assessing Attorney's performance with respect to his decision not to file a motion to suppress, the Court must determine whether the decision was objectively reasonable. In making that determination, must consider whether the decision could be construed as "sound trial strategy." If the court concludes that the decision was strategic conscious, And informed, then the Court should ask whether it rendered the proceedings obviously unfair. See U.S. v. Cavitt, 500 F.3d 430 (5th Cir. 2008).

For counsel to determine decision was strategic, counsel would have had to conduct an independant investigation into the facts, circumstances, And laws of the case. Counsel has A duty to make reasonableness investigations or to make A reasonable decision that makes particular investigation unnecessary. See Strickland, 104 S. Ct. 2052; Wiggins v. Smith, 123 S. Ct. 2527 (2003); Rompilla v. Beard, 125 S. Ct. 2450 (2005).

An investigation of case consisting of reviewing the investigation file of the prosecuting Attorney is ineffective As such investigation falls short of what A reasonably competent Attorney would have done. See Thomas v. Lockhart, 738 F.2d 304 (8th Cir. 1984) Failure to conduct Any pre-trial investigation generally constitutes A clear instance of ineffectiveness. See Richards v. Quarterman, 566 F.3d 553 (5th Cir. 2009). Courts recognize that ineffectiveness is generally clear in context of A complete failure to investigate because counsel can hardly be said to have made A strategic choice against pursuing A certain line of investigation when he has not yet obtained the facts on which such A decision could be made.

It is clear based on the records that there was no investigation

into the search or seizure of the evidence obtained during the unreasonable search; had there been an investigation, Mr. Shelton's attorney, Mr. Rafkin would have discovered that the evidence was obtained illegally and therefore would not have been admissible in Mr. Shelton's trial.

Based on the facts, circumstances, the laws and arguments presented on these grounds, supports that counsel was ineffective. A motion to suppress had a reasonable probability of being granted, therefore the outcome of the trial would have been drastically different; As the evidence that would have been suppressed was the basis of the indictment. Without this evidence the whole dynamic of Mr. Shelton's indictment, from the degree of the charge, as well as the sentencing/punishment range, would have been significantly altered, thus rendering the indictment defective/faulty.

As such, the second prong has been shown, that but for counsel's failure not to file a motion to suppress did in fact prejudice Mr. Shelton, as the outcome would have been different. Therefore, Mr. Shelton contends he is entitled to relief based on this ground of ineffective assistance of counsel for failure to file motion to suppress due to failure to investigate.

Respectfully submitted,

O'Andrew Shelton
Appellant, pro se
T.D.C.J. # 1981062
1391 FM 3328 Beto Unit
Tennessee Colony, Tx. 75880

Certificate of Service

I hereby certify that on 01 Q.s. October Q.s ~~30 September~~ 2015, A true And correct copy of Appellant's Response to Anders's Brief was mailed by U.S. First Class Mail to the Attorney for the State, Michael J. West, Assistant District Attorney, 4th floor courthouse, 100 N. Broadway, Tyler, Tx. 75702.

Q'Andrew Shelton
Appellant, pro se

I, Q'Andrew Shelton, T.D.C.J. # 1981062, being presently incarcerated in Beto Unit in Tennessee Colony, Tx., verify And declare under penalty of perjury that the foregoing statements Are true And correct. Executed on this the 1st Q.s ~~30~~th day of October Q.s ~~September~~ 2015.

Q'Andrew Shelton
T.D.C.J. # 1981062